JOSÉ MARÍA COLÓN MELÉNDEZ, Plaintiff and Appellant, *v.* PROVIDENCIO RIVERA ET AL., Defendants and Appellees.

No. 8590. Argued February 2, 1943.—Decided March 10, 1943.

*Leopoldo Rojas Flores* for appellant. *Ramón G. Goyco* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The plaintiff-appellant alleges that he is the owner of a rural estate situated in the Municipality of Orocovis; that defendants occupy and retain possession of said estate without paying any rental whatsoever and against the will of the plaintiff; and he prays that judgment of unlawful detainer be rendered against defendants.

Defendants answered denying that plaintiff is the owner of the estate and that defendants are retaining possession of the same; and alleged as special defenses: (*a*) that the complaint does not state facts sufficient to constitute a cause of action; (*b*) that there has been a misjoinder of parties defendant; (*c*) that there exists a conflict of title between plaintiff and seven other persons surnamed Meléndez-Santiago, for the decision of which action No. 6360 has been filed in the District Court of Ponce, nullity of tax sale, revendication and claim of fruits. Defendants allege that they have always dealth with the Meléndez-Santiagos, whom they have acknowledged to be the owners of the estate, acquired by inheritance from their grandfather; that defendants are in

possession of the estate by virtue of various sharecropping contracts, entered into with the true owners of the estate, the Meléndez-Santiagos.

After the hearing of the case, on June 17, 1942, the District Court of Ponce rendered judgment dismissing the complaint because it was of the opinion that a conflict of title arises from the evidence and that this conflict must be decided in a plenary trial and not within the summary unlawful detainer proceeding. Plaintiff appealed. His brief contains no specific assignment of error, but from a reading of it it appears that appellant complains that, in his judgment, the evidence introduced by defendants does not contain even a remote showing that they have a title opposed to or in conflict with that of plaintiff.

We shall sum up the facts as they appear from the transcript of evidence:

The estate in controversy belonged to Mr. José Ramón Meléndez Ortiz on January 9, 1941. Because Meléndez failed to pay taxes for the years 1938–39 and 1939–40, on January 9, 1941, the Collector of Internal Revenue of Orocovis sold the estate at public auction, it being awarded to José María Colón Meléndez for $683, which was the sum owed to the People of Puerto Rico. The certificate of sale in favor of the purchaser was issued on April 5, 1941. When the tax sale was held, defendants herein were in posession of the estate. After the estate had been awarded to the plaintiff the heirs of the previous owner, the Meléndez-Santiagos, filed an action for nullity of tax sale and revendication, which action was still pending at the date of the hearing of the instant case of unlawful detainer.

Providencio Rivera, defendant, and sole witness for the defendants testified: that he is 23 years old and has always worked on the estate; that he entered into the contract for planting and for working with Ismael Meléndez, grandson of Mr. José Ramón Meléndez, the previous owner of the estate,

on March 29, 1942, that is, more than one year after the estate had been sold and awarded to the plaintiff-appellant.

To sustain its alleged defense of conflict of titles, defendants offered in evidence a certificate issued by the Registry of Property of Ponce, dated June 9, 1942. Said certificate contains the following information: that the estate described in the petition is not registered in the name of José María Colón Meléndez, plaintiff herein, nor in the name of any other person; that in spite of the fact that it is not so registered, the following encumbrances on the estate appear:

(a) Attachment in favor of the People of Puerto Rico, for $14.26 to secure the compensation for laborer Engracia Cartagena, in a claim against his employer, José Ramón Meléndez.

(b) Attachment for the same reasons as the previous entry (a).

(c) Attachment for the amount of the taxes for which the estate was sold at auction and awarded to plaintiff.

The registrar stated that the said entries had expired because more than one year from the dates on which they were made had elapsed, but that the same had not yet been canceled, because no interested party had so requested.

It is from that certificate that, in the opinion of the lower court, there arose the conflict of titles that prevented the rendering of a judgment which would put plaintiff in possession of the estate purchased by him in a tax sale.

We are of the opinion that no conflict of titles whatsoever exists between plaintiff and defendants which prevents the rendering of a judgment in favor of the plaintiff. Defendants do not allege that they have a right to remain in possession of the estate as owners thereof. They have merely tried to prove that one of them, Providencio Rivera, entered into a contract with one of the heirs of the previous owner of the estate for planting and working the same. We are not acquainted with the terms and conditions of the said

contract. We only know, on the basis of Rivera's testimony, that the contract was entered into on March 29, 1942, when more than one year had elapsed from the date of the sale and award of the estate to the plaintiff.

The fact that the heirs of the previous owner of the estate have commenced an action of nullity of the tax sale and award thereof, could not be alleged as a defense by said heirs if they were the possessors of the estate and defendants in the unlawful detainer action. See: *León* v. *Alvarado,* 24 P.R.R. 654 and *Gelabert* v. *Candelaria,* 49 P.R.R. 751. Defendants have even less right to raise such a defense, since they claim no title whatsoever to the estate.

Defendants-appellees cite in favor of their alleged defense of conflict of titles, the case of *Alonso* v. *Nieves,* 50 P.R.R. 678, and 52 P.R.R. 191, wherein it was held that unlawful detainer does not lie on the basis of the theory that the defendant is a mere tenant at sufferance when the evidence shows—as was shown in that case—that defendant is a cropper. It was held, in addition, that in accordance with the provisions of the act to regulate share-cropping contracts (Act No. 76 of May 4, 1931, Laws of 1931, p. 466) the landholder does not have the right to compel the cropper to vacate the property unless he complies with the obligations imposed on him by §11 of said Act, among which are included, to pay or give security for the payment of the damages suffered and the value of the crops planted.

The doctrine expressed in said case is not applicable to the case at bar. The evidence introduced by defendants is entirely insufficient to support the allegation that they are in possession of the estate by virtue of a share-cropping contract. The supposed making of the alleged contract after the tax sale; the fact that defendant Providencio Rivera did not testify as to the terms of the contract, not having stated even which part of the fruits he had been obliged to give to the owners of the estate; and the fact that no men-

tion was made of the existence of pending fruits, planted by the alleged sharecroppers, are circumstances which justify the conclusion to which we have arrived that defendants really are in possession of the estate as tenants at sufferance and not as sharecroppers.

■■ The objection that plaintiff does not have the right to an action of unlawful detainer because his title, the certificate of sale issued by the Collector of Internal Revenue of Orocovis, has not been entered in the registry of property, has been raised too late. It appears from the record that when said certificate was presented in evidence, counsel for defendants stated that he did not object to its admission and that he accepted it exactly as it had been offered.

Neither the estate the object of this suit, nor the certificate issued by the collector have been entered in the registry of property. Is that unregistered certificate sufficient title to enable the purchaser of the estate to file an action of unlawful detainer against a tenant at sufferance?

Section 620 of our Code of Civil Procedure (1933 ed.) (§1, Unlawful Detainer Act), equivalent to §1364 Spanish Law of Civil Procedure, provides that an action of unlawful detainer may be commenced by the owner of an estate, by the usufructuary thereof or by "any other person or persons entitled to the enjoyment of such property." The Supreme Court of Spain in a judgment rendered on November 10, 1899, held that "it is sufficient that a person have the true possession of the property, as owner, as usufructuary thereof, or *in any other capacity entitling him to its enjoyment,* in order to have the right to commence an action of unlawful detainer; and it can not be doubted that the moving party, together with the judicial possession of the house, has the right to its enjoyment, said title being sufficient whether or not it has been entered in the Registry." 88 *J. C.* 285, 289.

The auction sale title granted to plaintiff-appellant conveyed to him the property in the estate from the moment of the sale, subject, of course, to the right of redemption which the law grants to the taxpayer. *National City Bank* v. *Registrar*, 44 P.R.R. 417; *National City Bank of New York* v. *Registrar*, 46 P.R.R. 79.

In the case at bar plaintiff-appellant waited until the former owner's right or equity of redemption had expired and then on the basis of his certificate of sale he commenced an action of unlawful detainer against the persons whom he found retaining possession of the estate. It can not be denied that this action may be filed against the previous owner without the previous entry in the registry of the certificate of sale. We see no reason why unlawful detainer should not lie against those who retain possession of the estate without any title thereto whatsoever and without paying any rental therefor. Section 347 of the Political Code, amended by Act of March 14, 1907, (Laws of 1907, p. 340), does not have the scope attributed to it by the lower court. According to said section, the certificate issued by the collector shall contain, among other things, a "description of the property . . . , and the folio and volume wherein the property sold shall have been recorded, *in case it has been so recorded.*" It is obvious that if the estate has not been recorded—as is the case in the case at bar—that requisite, which is clearly conditional, can not be complied with. In the certificate introduced in evidence in this case, it was expressly stated that the estate had not been recorded in the registry. Further on the cited section provides:

". . . Said certificate shall be *prima facie* evidence of the facts recited therein in any controversy, proceeding or suit involving or concerning the rights of the purchaser, his heirs or assigns, to the property thereby conveyed; and the purchaser, his heirs or assigns, *may,* upon receipt of such certificate, have the same duly recorded by the Registrar of Property of the district in which such property is situated upon the payment of a fee of two dollars." (Italics ours.)

According to what has been transcribed in introducing in evidence the certificate which was issued to him by the collector, plaintiff-appellant established *prima facie* his right to the possession of the real property purchased by him at the auction. And he was not under an obligation to previously record said certificate, since the transcribed paragraph only provides that the purchaser "may" have the same recorded, but an obligation to do so is not placed upon him.

The provision contained in the cited §347 to the effect that "when recorded in the office of the registrar of property of the district in which the property is situated, shall vest the title to said property absolutely in said purchaser, free from all mortgages, liens or other encumbrances," can not be interpreted in the sense that while the title remains unrecorded the purchaser does not have the right to claim possession of the real property. The purpose of said provisions is to establish, as a rule of evidence, that the recording of the certificate in the registry shall constitute sufficient proof that all mortgages, liens, or encumbrances existing on the estate at the date of its sale at public auction for taxes, have been canceled from the date of the recording of the certificate of sale in favor of the purchaser in the auction.

For the reasons stated, the judgment appealed from must be reversed and another entered instead sustaining the complaint and ordering defendants to vacate the estate and to place it at plaintiff's disposition, with costs against the defendants.